# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYLYN BISHOP,<br>  Plaintiff,<br>v.<br>GENERAL SERVICES ADMINISTRATION,<br>  Defendant. | Civil Action No. 19-01396 (CKK) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se* and *in forma pauperis*, is a resident of Rockville, Maryland. Since the case has been before this Court, Plaintiff has been completely unresponsive. Therefore, this matter will be dismissed for failure to prosecute pursuant to District of Columbia Local Civil Rule ("LCvR") 83.23.

## I. BACKGROUND

The Complaint is far from a model in clarity, but as it can be understood, she sues the U.S. General Services Administration for alleged violations of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. *See* Compl., ECF No. 1-1, at 6–7.

This matter was originally filed in the Superior Court of the District of Columbia ("Superior Court"). *See Bishop v. General Services Administration*, Civil Action No. 2019 CA 002603 B. On May 14, 2019, Defendant removed the Superior Court matter to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. *See* Notice of Removal ("NOR"), ECF No. 1 at 2. The matter was then assigned to the undersigned on May 16, 2019, and on May 17, 2019, the Court denied Plaintiff's pending Motion for Preliminary Injunction and a Temporary Restraining Order.

1

*See* May 17, 2019 Ord., ECF No. 3; *see also* NOR Ex. B, ECF No. 1-2.

Shortly thereafter, Defendant proposed a briefing schedule for dispositive motions. *See* ECF No. 4. Defendant filed an amended briefing schedule, ECF No. 5, on May 28, 2019. The Court adopted the amended briefing schedule, ordering that: (1) Defendant file a motion to dismiss on or before June 3, 2019, (2) Plaintiff shall file an opposition on or before July 3, 2019, and (3) Defendant shall file a reply on or before July 24, 2019. *See* Jun. 4, 2019 Minute Order. Defendant filed a timely Motion to Dismiss, ECF No. 6, on June 3, 2019.

On June 4, 2019, the Court formally advised Plaintiff of her obligations to respond to the Motion to Dismiss under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *See* Jun. 4, 2019 Order ("Fox Neal Ord."), ECF No. 7; *see also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff was forewarned that if she failed to file a timely response, the Court would rule on the Motion without the benefit of her position. *Id.* The Court also issued an Order Establishing Procedures ("Ord. Est. Proc."), ECF No. 8, on June 10, 2019, which again warned Plaintiff of the consequences of such inaction. Plaintiff's deadline elapsed, and no opposition or other response was filed, nor has anything responsive been filed to date.

On July 24, 2019, Defendant filed a Notice ("Not."), ECF No. 14, chronicling its continued attempts to communicate with Plaintiff. Defendant proffers that the parties spoke by telephone on June 5, 2019, and Defendant's counsel reminded Plaintiff of the Court's Order requiring her to file an opposition to Defendant's Motion. Not. ¶ 4. Defendant indicates that it has been unable to reach Plaintiff since that phone call. *Id.* ¶ 6. Defendant also states that Plaintiff was unreachable by email and that all of the mailings sent to Plaintiff have been returned as undeliverable. *Id.*

The Court, likewise, has received undeliverable returned mailings directed to Plaintiff. *See* ECF Nos. 9, 10, 11, 12, 13, 15, 17, 18. Plaintiff's address of record is 11418 Rockville, Rockville, MD 20852. Plaintiff provides that exact address, and only that address, throughout the Superior Court record. *See* NOR Ex. A, ECF No. 1-1 at 1; *see also* NOR Ex. B, ECF No. 1-2 at 2.[1] She has never updated her address or any other contact information with the Court.

The Clerk of this Court, upon receiving Plaintiff's returned mail, and on its own volition, attempted to resend copies of the returned documents to 11418 Rockville *Pike*, Rockville, MD 20852. *See* ECF Nos. 9, 10, 11, 12, 13, 17 (emphasis added). However, it appears that the additional service attempts have also proved unsuccessful. *See* ECF No. 15, 17.

On January 17, 2020, the Court directed Plaintiff to show cause, by February 21, 2020, why this case should not be dismissed for failure to prosecute. *See* Order to Show Cause, ECF No. 16. The Court took efforts to ensure that the Order was sent to any plausible iteration of Plaintiff's address. *See id.* at 3–4; *see also* ECF Nos. 17, 18. Plaintiff has now failed to respond to the Order to Show Cause.

## II.  LEGAL STANDARD

Pursuant to District of Columbia Local Civil Rule 83.23, "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that [she]

---

[1] ECF generated page numbers are referenced.

must act with more diligence, or if [she] has failed to obey the rules or court orders." *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988).

The authority to dismiss suits for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Further, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff is afforded some latitude in prosecuting his case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

Additionally, in this Court, litigants must provide their full residence address. *See* D.C. LCvR 5.1(c)(1). If a party is appearing *pro se*, a telephone number must be provided. Failure to provide contact information may result in the dismissal of the case. Additionally, notice of a change in address or telephone number of a *pro se* party must be filed within 14 days of the change. Unless changed by notice filed with the Clerk, the address and telephone number of a party noted on their first filing shall be conclusively taken as the last known address and telephone number of the party. *Id.*

### III. DISCUSSION

Plaintiff has been completely absent from this litigation since its removal to this Court, over nine months ago. She has not singularly filed anything. She has failed to respond to Defendant's Motion to Dismiss, to several of this Court's Orders, and to the painstaking attempts

4

by Defendant to communicate with her. Plaintiff has also failed in her duty to provide the Court with the most basic and fundamental contact information, namely, her address, and there is no independent obligation for this Court or the opposing party to research same. Regardless, Defendant and the Court have expended considerable efforts to locate her mailing address. Plaintiff has nonetheless failed to respond or comply in any manner.

Given Plaintiff's failure to comply with this Court's directives and her "lengthy period of inactivity," *Smith–Bey v. Cripe*, 852 F.2d at 594, dismissal for failure to prosecute is appropriate. Plaintiff has "not manifested reasonable diligence in pursuing" this matter. *Bomate*, 761 F.2d at 714. Despite ample opportunity, she has done nothing to suggest that she intends to continue with her claims and as such, they will be dismissed.

Despite Plaintiff's abject failure to pursue this case, the Court is mindful of the that the sanctions must be proportionate to the misconduct and that less drastic sanctions other than outright dismissal must be considered. *See Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996). For that reason, this Court has provided Plaintiff with ample prior opportunity to respond, and now dismisses the Complaint without prejudice, which is less Draconian than treating an unopposed motion to dismiss as conceded or reaching the substance of a motion to dismiss without the benefit of any opposing argument, both of which typically result in a decision on the merits. *See James v. Nationstar Mortgage*, LLC, 323 F.R.D. 85, 86 (D.D.C. 2017) (citations omitted).

## IV. CONCLUSION

Plaintiff's inaction in this matter justifies dismissal without prejudice given that she has been previously warned that she must act with more diligence, has failed to obey the rules or Court Orders, has failed to cooperate with Defendant or respond to its motion, and has offered no excuse

for these inadequacies. *See Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 777 (D.C. Cir. 1988), *cert. denied*, 568 U.S. 1087 (2013). For all of these reasons, the Court will deny Defendant's Motion to Dismiss without prejudice but will dismiss the Complaint without prejudice pursuant to D.C. LCvR 83.23. A separate Order accompanies this Memorandum Opinion.

Date:  February 28, 2020

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge